# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 23-0039V**

PATRICK MAHONEY,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

Chief Special Master Corcoran

Filed: September 9, 2026

*Leigh Finfer, Muller Brazil, LLP, Dresher, PA, for Petitioner.*

*Nina Ren, U.S. Department of Justice, Washington, DC, for Respondent.*

## RULING ON ENTITLEMENT[1]

On January 11, 2023, Patrick Mahoney filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that that he suffered a shoulder injury related to vaccine administration ("SIRVA") resulting from an influenza ("flu") vaccine received on December 16, 2021. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

Respondent initially determined that the case was not appropriate for compensation, and the parties briefed the disputed factual questions (ECF Nos. 23, 24). On July 21, 2026, I issued findings of fact, determining that the record preponderantly supports a finding that Petitioner's shoulder pain likely began within 48 hours of

[1] Because this Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

vaccination; that neither pre-vaccination shoulder pain nor another condition would likely explain his post-vaccination symptoms; and that his pain was primarily limited to the shoulder in which he received the vaccine (ECF No. 26)

On September 8, 2026, Respondent filed an amended Rule 4(c) report in which he stated that, recognizing my findings of fact (which he preserves his right to appeal) as law of the case, Respondent will not defend the case on other grounds during further proceedings in the Office of Special Masters. Respondent's Rule 4(c) Report at 2. Given my fact findings of fact, Respondent does not dispute that Petitioner otherwise has satisfied all legal prerequisites for compensation for a Table SIRVA under the Vaccine Act. *Id.* at 2, 6. Specifically, Respondent states that "Petitioner had no history of pain, inflammation, or dysfunction of his left shoulder prior to vaccination that would explain petitioner's post-vaccination symptoms; shoulder pain occurred within forty-eight hours after receipt of an intramuscular flu vaccination; shoulder pain and reduced ROM were limited to the side in which the vaccine was administered; and no other condition or abnormality has been identified to explain petitioner's shoulder pain." *Id*. Respondent further agrees that Petitioner suffered the residual effects of his condition for more than six months, and has satisfied all prerequisites for compensation under the Vaccine Act. *Id*.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master